[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By agreement of the parties, the trial of this case was bifurcated and the first issue was decided by Memorandum of Decision dated September 4, 1992 which held that the antenuptial agreement executed by the plaintiff was unenforceable.
The trial resumed and was completed on February 18, 1993.
The plaintiff first entered this country in 1976 seeking political asylum. She obtained resident alien status evidenced by a "green card" although she still remains a citizen of Poland as CT Page 2000 does the defendant who also holds a permanent green card.
The parties first met on May 9, 1979 and by late summer the plaintiff had moved into the plaintiff's apartment located at 1318 East Main Street, Waterbury. Shortly thereafter the plaintiff left her employment in Enfield and began helping at the defendant's garage. She obtained factory work in January, 1980 which she continued until September when she left to give birth to the parties' older child, Janusz, born September 24, 1980. Throughout their relationship the defendant was the owner and operator of West End Auto Body Shop, 564 West Main Street, Waterbury.
The defendant was divorced from his prior wife in 1982 which resulted in his retaining sole ownership of the building where the plaintiff and defendant were living. In addition to their apartment, the building contains eight (8) more apartments, a luncheonette and a small office are on the ground floor. The defendant was also then paying child support for two children born of his prior marriage.
The court finds as fact that the parties married at Waterbury, Connecticut on June 8, 1985, that the plaintiff had resided continuously in this state for at least one year prior to commencing this action seeking dissolution of this marriage; that the marriage has broken down irretrievably, that only the two children of the marriage have been born to the plaintiff; and that the State of Connecticut never advanced any aid to either party.
The plaintiff had gone to work for Prospect Machine Co. in October, 1984 where she has remained employed until the present time, except for four weeks' leave she took for the birth of the parties' younger child, Sylvia, born September 15, 1986, and for lower back surgery in 1989.
The court finds proven the plaintiff's allegations that the defendant was an abusive spouse; that he inflicted physical injuries upon her on several occasions, that such attacks were evidenced by facial bruises making plaintiff ashamed to go to work; that the plaintiff warned the defendant in 1989 after an episode of violence that if he did such again, she would leave; that in 1990 he again attacked the plaintiff, split her lip, and knocked a filling out of her tooth. The plaintiff moved out during December, 1990. The court concludes that the defendant's course of abusive conduct inflicted upon the plaintiff is the CT Page 2001 primary cause of the marriage breakdown.
The court further finds that the plaintiff, during the marriage, assisted the defendant in maintaining his apartment building and in the operation of his garage.
The plaintiff is 39 years old and is treating with a physician, is taking tranquilizers, and complains of headaches.
The defendant is 43 years old and in good health.
Both parties have similar backgrounds.
Applying the statutory criteria to the evidence in this case, the court enters the following judgment.
1. A dissolution is entered on the complaint on the ground alleged. The defendant's cross complaint is dismissed as moot.
2. The defendant's special defense has been found unproven in the court's earlier memorandum.
3. Sole custody of the two minor children is awarded to the plaintiff. Reasonable visitation rights are awarded to the defendant.
4. The defendant is ordered to pay the plaintiff the sum of $150 weekly child support for the two children. A wage withholding order is entered pursuant to 52-360 Connecticut General Statutes.
5. The plaintiff has the children covered on her medical insurance obtained through her employer and she shall continue to do so. The parties shall equally divide any uninsured bill balances or deductibles incurred for the care of the children. The defendant shall immediately pay his share of any such bill upon receipt of written proof of the balance unpaid. The plaintiff shall take no action which could jeopardize the defendant's C.O.B.R.A. rights under the plaintiff's medical coverage.
6. The plaintiff is awarded lump sum alimony in the amount of $60,000 to be secured by a first mortgage on 1318 East Main Street, Waterbury, with the note and deed containing a prohibition of assumption as well as a "due on sale" clause payable in monthly CT Page 2002 installments of $400 until March 1, 2004 when any remaining balance shall be due in full. The mortgage deed shall contain the usual covenants found in bank mortgages placed on similar property. The note shall earn interest at money judgment rate upon default. The defendant's attorney shall draft the documents at the defendant's expense who shall pay all costs of effecting this order.
7. The defendant shall pay the plaintiff the sum of $75 weekly periodic alimony until the plaintiff's remarriage or the death of either party.
8. The plaintiff is awarded an allowance to prosecute of $5,000, 50% payable in 30 days and the remainder on or before July 1, 1993.
9. The plaintiff shall retain her auto and her profit sharing plan.
10. The defendant shall retain sole ownership of 1318 East Main Street, Waterbury and the West End Auto Body business.
11. The parties shall otherwise retain the various assets each now possesses and each shall pay the liabilities each has listed on the financial affidavits each filed with the court.
Counsel for the plaintiff is directed to draft the judgment file within 30 days of date hereof.
HARRIGAN, J.